UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEWART ABRAMSON, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.                                    Case No. 8:19-cv-2523-T-60AAS

FEDERAL INSURANCE COMPANY
and BAY AREA HEALTH, LLC,

    Defendants.
_____/

## ORDER

Defendant Federal Insurance Company (FIC) requests the court set aside the clerk's entry of default against it. (Doc. 13). Plaintiff Stewart Abraham did not respond to FIC's motion and the time for doing so has passed.[1]

Abraham initiated this action on October 10, 2019, and the clerk issued summonses the following day. (Docs. 1, 3). Abraham thereafter filed returns of service. (Docs. 4, 6). Because the FIC failed to plead or otherwise defend this action, the clerk entered a default under Federal Rule of Civil Procedure 55(a). (Doc. 8).

According to FIC's motion and affidavit, there was internal confusion about who would be responsible for defending this action. (Docs. 13, 14). After becoming

---

[1] Under Local Rule 3.01(b), a party who opposes a motion has fourteen days to respond. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted).

1

aware of the clerk's default, FIC's counsel immediately contacted Abraham's counsel and moved to set aside the default. (*Id.*).

A court may set aside entry of a clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v.* Harell, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, (M.D. Fla. June 4, 2010).

FIC's failure to timely respond to the complaint is neither willful nor constitutes a reckless disregard for the judicial process. Setting aside the default would not prejudice Abraham as there has been little progress on the case. Good cause exists to set aside the clerk's default against FIC.

For these reasons, FIC's Motion to Set Aside Clerk's Default (Doc. 13) is **GRANTED**. FIC's response to the complaint is due by **January 9, 2020**.

**ORDERED** in Tampa, Florida on December 6, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge