UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEWART ABRAMSON, individually
and on behalf of all others similarly
situated,

    Plaintiffs,

v.                                             Case No.: 8:19-cv-2523-T-60AAS

FEDERAL INSURANCE COMPANY
and BAY AREA HEALTH, LLC,

    Defendant.
_____/

## ORDER

Federal Insurance Company moves for a stay of discovery, including initial disclosures, pending the court's ruling on its motion to dismiss (doc. 24). (Docs. 25). Stewart Abraham opposes the motion and requests a protective order or an extension of time to respond to First Insurance's discovery requests. (Docs. 32, 36).

    **A.    Motion to Stay Discovery (Doc. 25)**

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the

1

burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. *Such motions for stay are rarely granted.* However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at § I.E.4 (emphasis added). In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

A preliminary review of Federal Insurance's motion to dismiss reveals that it does not meet the stringent "clearly meritorious" standard. In addition, Abraham will be prejudiced by a stay. *See Breines v. Pro Custom Solar LLC*, No. 3:19-CV-353-J-39PDB, 2019 WL 7423522, at *8 (M.D. Fla. Aug. 22, 2019) (denying a discovery stay in a TCPA action because the stay could "result in the destruction of relevant evidence by third parties"). After balancing the harm created by a discovery delay against the

possibility that Federal Insurance's motion will be granted, the court concludes that the balance tips in favor of requiring discovery to go forward.

### B. Motion for Protective Order and Extension (Doc. 36)

Federal Insurance requests the court enter a protective order, extending its time to respond to the Abraham's discovery requests until after a ruling on Federal Insurance's pending motion to dismiss. (Doc. 36, p. 2). Alternatively, Federal Insurance requests a ten-day extension to respond to Abraham's discovery requests. (*Id.*).

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). However, Rule 26 also protects those from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must show that "good cause" exists for the court to issue such an order. *Id.* "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 Fed. Appx. 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Federal Insurance's sole ground for its request for protective order is its pending motion to stay discovery. (Doc. 36, pp. 2-3). As the discovery stay is denied, Federal Insurance's motion for protective order is also denied. However, the court

will allow Federal Insurance a brief extension to respond to Abraham's discovery requests.

Accordingly, it is **ORDERED:**

1) Defendant's Motion to Stay Discovery Pending the Dispositive Motion to Dismiss (Doc. 25) is **DENIED**.

2) Federal Insurance's Motion for Protective Order and Extension of Time (Doc. 36) is **GRANTED IN PART AND DENIED IN PART**. Federal Insurance's request for a protective order is denied, and Federal Insurances' request for an extension of time to respond to Abraham's discovery requests is granted. Federal Insurance's responses to Abraham's discovery requests are due by **March 9, 2020**.

**ORDERED** in Tampa, Florida on February 20, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge