UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEWART ABRAMSON, on behalf of himself and all others similarly situated,**

   Plaintiff,

v.                                                      Case No. 8:19-cv-2523-T-60AAS

**FEDERAL INSURANCE COMPANY and BAY AREA HEALTH, LLC,**

   Defendants,
_____/

## ORDER

Stewart Abraham moves for an order compelling Bay Area Health, LLC (Bay Area) to produce documents responsive to request for production nos. 4, 5, 10, 12, and 14. (Doc. 44). Bay Area opposes the motion. (Doc. 50).

### I.   BACKRGROUND

Mr. Abraham brought this class action under the Telephone Consumer Protection Act, 47 U.S.C 227 (TCPA). (Doc. 1). The TCPA bars calls to cell phones using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1). Mr. Abraham alleges that Federal Insurance Company, acting under an agreement with Bay Area, commissioned automated telemarketing cold calls to consumers who did not consent, including Mr. Abraham. (Doc. 1).

Mr. Abraham seeks to compel the production of documents pertaining to: (1) Bay Area's training materials and policies about compliance with the TCPA (request

for production nos. 4 and 5), and (2) prior TCPA complaints and lawsuits (request for production nos. 10, 12, 14). (Doc. 44). In response, Bay Area contends these documents either do not exist or are irrelevant to Mr. Abraham's claims. (Doc. 51).

## II. ANALYSIS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. "The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

These requests for production are at issue:[1]

> **Request for Production No. 4**: Please produce all documents relating to telemarketing training provided to your employees or vendors.
>
> **Request for Production No. 5**: Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force.
>
> **Request for Production No. 10**: Please produce all documents relating to your failure, alleged failure, or possible failure by you, or any

---

[1] These requests are appropriately limited in time, as follows: "Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present." (Doc. 44-1, p. 7). This timeframe is appropriate considering the TCPA's four-year statute of limitations. *See* 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues").

2

> vendor, to comply with your policies related to telemarketing.
>
> **Request for Production No. 12:** Please produce all documents relating to complaints or do-not-call requests concerning telemarketing, including, but not limited to, lists or databases containing complaints and metadata about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.
>
> **Request for Production No. 14:** Please produce all documents necessary to identify all TCPA lawsuits filed against you.

Bay Area responded to each of these requests with the following response/objection:

> **RESPONSE/OBJECTION:** Defendant objects to this Request to the extent that: (i) it is vague and ambiguous; (ii) it is not limited to a time period relevant to the events at issue in this matter; (iii) it is overbroad, unduly burdensome and harassing; and (iv) it seeks confidential, proprietary, business information that belongs to Defendant. Subject to, and without waiving the foregoing, Defendant further objects on the ground that the Request seeks documents that are irrelevant to the claims or defenses at issue in this action, and not intended to lead the discovery of material relevant to the claims or defenses in this action.

(Doc. 44-1).

As an initial matter, Bay Area uses identical boilerplate objections to each request at issue. (*Id.*). In fact, at no point in any of the written responses and objections does Bay Area even attempt to specifically address the category of documents Mr. Abraham seeks. As clarified by the 2015 amendments to the Federal Rules of Civil Procedure, using boilerplate objections is improper. *See* Fed. R. Civ. P. 34. Federal Rule of Civil Procedure 34(b)(2)(B) now requires the responding party "state with specificity the grounds for objection to the request, including the reasons."

Bay Area's generic "preliminary statement" and "general objections" are troubling for the same reason. Although the court could overrule Bay Area's objections on this basis alone, the court will review the requests at issue.

Christopher Pine, Bay Area's president, declared that after a diligent search, Bay Area could not locate any documents evidencing "[w]ritten telemarketing training material" or "[p]olicies for compliance with the TCPA or FCC's telemarketing regulations." (Doc. 50-1). While these policies are relevant to Mr. Abraham's claim, Mr. Pine claims they do not exist. *See Critchlow v. Sterling Jewelers Inc.*, No. 8:18-CV-96-T-30JSS, 2018 WL 7291070, at *3 (M.D. Fla. Nov. 13, 2018) (holding policies and procedures are relevant to the plaintiff's TCPA claim); *Halsten v. Target Corp.*, No: 2:12-cv-552-Ftm-99DNF, 2013 WL 12157855, at *2 (M.D. Fla. Feb. 20, 2013) (holding training materials and attempts to comply with the TCPA are relevant to the plaintiff's claim). Thus, the motion to compel as to request for production nos. 4 and 5 is denied. Bay Area, however, must amend its written response to these requests to conform with Mr. Pine's declaration.

Allegations of other violations of the TCPA are relevant to Mr. Abraham's allegations. *See Critchlow*, 2018 WL 7291070, at *3 (collecting cases). However, request for production no. 10 is overbroad because it requests information relating to any "possible failure . . . to comply with your policies related to telemarketing."[2]

---

[2] Bay Area also stated it does not have "[p]olicies for compliance with the TCPA or FCC's telemarketing regulations." (Doc. 50-1).

Request for production no. 12 more specifically requests information relating to prior complaints and do-not-call requests. This information is sufficiently relevant to whether Bay Area complied with the TCPA and had consent to contact Mr. Abraham, and any other potential class members.[3] Thus, the motion to compel is granted as to request for production no. 12 but denied as to request no. 10.

Finally, Mr. Abraham's request for all documents related to prior lawsuits is not proportional to the needs of the case and the documents are publicly available. *See Critchlow*, 2018 WL 7291070, at *4 (M.D. Fla. Nov. 13, 2018) (denying motion to compel production of documents related to prior lawsuits because the request was not proportional to the needs of the case and the information was otherwise publicly available). Thus, the motion to compel is denied as to request for production no. 14.

## III.   CONCLUSION

Mr. Abraham's motion to compel (Doc. 45) **GRANTED in part and DENIED in part**. The motion is granted as to request for production no. 12 and is otherwise denied. Bay Area must also amend its written responses to requests for production nos. 4 and 5 to conform to the declaration provided in response to Mr. Abraham's motion to compel.

---

[3] In its affirmative defenses, Bay Area claims it complied with TCPA policies and had express and written consent to contact Mr. Abraham. (Doc. 37).

**ORDERED** in Tampa, Florida on May 1, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge