UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (TAMPA)

CASE NO.: 8:19-cv-02523-TPB-AAS

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL INSURANCE COMPANY et al.,<br><br>    Defendants. | CLASS ACTION |

## 0995316 B.C. LTD. D/B/A XENCALL'S MOTION FOR ENLARGEMENT OF TIME

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendant, 0995316 B.C. LTD. d/b/a XenCall ("Xencall"), moves this Court for the entry of an Order enlarging its time to respond to Plaintiff Stewart Abramson's ("Plaintiff") First Amended Class Action Complaint (ECF 47, "FAC"), and outstanding discovery requests when the stay in this case is lifted. Xencall files this motion without waiver of any defenses, including but not limited to lack of personal jurisdiction.

1. On April 22, 2020, Plaintiff filed his FAC, naming Xencall as a Defendant. Xencall was not previously a party to this suit, and was not part of the Rule 26(f) conference.

2. On April 28, 2020, Xencall waived the service of summons. Xencall's response to the FAC was originally due on June 22, 2020.

3. Plaintiff also served discovery on Xencall, with responses due on June 29, 2020.

4. Pursuant to a Suggestion of Bankruptcy, the case was stayed on June 15, 2020. ECF 67. On August 17, 2020, Plaintiff moved to partially lift the stay. ECF 68

1

5.      Although, Plaintiff certified that a meet and confer was completed and the relief was opposed, the parties were actually in the middle of meet and confer discussions when Plaintiff filed his motion to partially lift the stay.

6.      When Plaintiff's counsel asked for Xencall's position regarding the motion to partially lift the stay, undersigned counsel responded by asking that any outstanding deadlines at the time the stay was entered be enlarged by thirty (30) days, and that the parties conduct a new Rule 26(f) conference—Xencall was not a party to the case during the initial conference—and submit a proposed Amended Scheduling Order.  Defendant Federal Insurance Company was agreeable to this proposal.  *See* Exhibit A.

7.      Plaintiff's counsel did not respond, and instead filed the motion to partially lift the stay five (5) days later without attempting to address the outstanding deadlines or the other deadlines affected by the two (2) month stay and the fact that, as to Xencall, it was only made a party on April 22, 2020.

8.      Counsel for Xencall does not oppose Plaintiff's motion to partially lift the stay, but asks that if the stay is lifted, that Xencall's time to respond to the FAC is enlarged by thirty (30) days from the date of the order lifting the stay.

9.      Xencall further requests that, upon lifting the stay, the parties be ordered to conduct a rule 26(f) conference prior to discovery being resumed, and that Xencall's responses to discovery requests served prior to the stay be enlarged to thirty (30) days after the parties conduct a Rule 26(f) conference.

10.     Undersigned counsel was only recently retained before the stay was entered, and Xencall is a Canadian entity not subject to the jurisdiction of this Court.  The allegations in the FAC regarding Xencall are sparse, and Xencall has only been named in this case because

Plaintiff refused to follow proper procedures for seeking discovery from foreign entities. Xencall asks that it be given an opportunity to conduct a Rule 26(f) conference prior to engaging in costly discovery served upon it with the FAC.

11.   Alternatively, if the Court disagrees that a new Rule 26(f) conference should occur, then Xencall requests that its time to respond to any outstanding discovery requests be enlarged by thirty (30) days from the date the stay is lifted.  Xencall reserves its right to seek a protective order as to any discovery.  Xencall will be filing a motion to dismiss the FAC for, among other reasons, lack of personal jurisdiction.  Upon that filing, and with the good cause that will be demonstrated by the legitimate issues that motion will raise, it may be appropriate to protect Xencall from any further litigation activity until that dispositive motion is resolved.

12.   Good cause exists for this request, and the brief extension of time requested would not cause any prejudice to the parties or the Court.

13.   This extension is not sought for dilatory reasons or for any other improper purpose.

WHEREFORE, 0995316 B.C. LTD. d/b/a XenCall requests that upon lifting the stay in this case, it be granted an enlargement of thirty (30) days therefrom to respond to the FAC, and that the parties be ordered to conduct a Rule 26(f) conference prior to resuming discovery, with all discovery response deadlines enlarged to thirty (30) days after the Rule 26(f) conference.

### **LR 3.01(g) CERTIFICATE OF CONFERRAL**

Counsel for Xencall attempted to confer with counsel for Plaintiff, Avi Kauffman, on August 27, 2020, via email, and August 28, 2020, via email and telephone, but has not received a response.  Counsel will continue to contact opposing counsel expeditiously after filing and will

supplement this motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

DATED:  August 28, 2020                    Respectfully submitted,

                                                By:   */s/ Jeffrey A. Backman*
                                                        Jeffrey A. Backman
                                                        Florida Bar No. 662501
                                                        GREENSPOON MARDER LLP
                                                        200 E. Broward Blvd., Suite 1800
                                                        Ft. Lauderdale, FL  33301
                                                        (954) 491-1120
                                                        jeffrey.backman@gmlaw.com
                                                        khia.joseph@gmlaw.com

                                                        *Attorneys for Xencall*

## CERTIFICATE OF SERVICE

    I hereby certify that, on August 28, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                                By:   */s/ Jeffrey A. Backman*
                                                        Jeffrey A. Backman