IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| STEWART ABRAMSON, on behalf of himself and others similarly situated, | : : : | No. 8:19-cv-02523-TPB-AAS |
| Plaintiff, | : : | |
| v. | : : : | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT XENCALL'S MOTION TO STAY** |
| FEDERAL INSURANCE COMPANY, 0995316 B.C. LTD. D/B/A XENCALL and BAY AREA HEALTH, LLC, | : : : : | |
| Defendants. | : : / | |

The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. ***Such motions for stay are rarely granted***. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at § I.E.4 (emphasis added). The Court should deny Xencall's motion in total, just as it denied Federal Insurance Company's similar motion at the outset of this case (see Dkt. No. 39). A stay pending a ruling on Xencall's motion to dismiss is unwarranted because (1) the motion to dismiss lacks merit and is unlikely to be granted, and (2) a stay would prejudice Plaintiff because of the risk of loss of relevant evidence during its pendency.

   **I.     Background and Facts**

The Plaintiff brought this putative class action pursuant to the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Out of every 7,000,000 robocall, there's only one TCPA lawsuit in federal court.

*Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocall Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocall-n838406 (30.5 billion robocall); *with* WebRecon, *WebRecon Stats for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-for-dec-2017-year-in-review/ (4,392 TCPA complaints).

Here, with regard to Defendant XenCall, the Plaintiff has alleged that XenCall provides internet based prerecorded call campaign services to consumers and executes calls for those campaigns en masse. Amended Complaint (ECF 47) at ¶ 49. Predictably, XenCall's system can place prerecorded phone calls to cellular telephone numbers in an automated manner. *Id*. These calls are sent without first obtaining the call recipient's consent, in violation of the TCPA. *Id*. at ¶ 50. XenCall has actual knowledge of this unlawful conduct. *Id*. at ¶ 51. Nonetheless, XenCall knowingly permits and facilitates such calls, even after learning of its partners' actions. *Id*. XenCall actively takes part in executing robocall campaigns, providing tools that allow the use of deceptive calling tactics and explicitly offering prerecorded calling and auto-dialer services; and promising to provide everything needed to call and/or message multiple telephone numbers at once. *Id*. at ¶ 52. XenCall provides (and encourages) a turnkey spam calling platform that it knows full well will be used to bombard consumers with unwanted contacts. *Id*. at ¶ 53. XenCall provides users with local telephone numbers to make their automated calls. *Id*. at ¶ 54.

For years XenCall has been put on notice of its customers' telemarketing activities, but remained substantially involved in the placing of spam calls for Bay Area. *Id*. at ¶ 55. Indeed, XenCall advertises a tool to "provide the ultimate in safe harbor protection from vexatious litigators." *Id*. at ¶ 56. XenCall works with its customers to try to avoid calling numbers that, when they are in receipt of an illegal call, will file a lawsuit to vindicate their

rights. *Id*. at ¶ 57. XenCall didn't take reasonable steps to prevent unwanted and illegal calls, it instead offers a high-tech solution to reduce a caller's likelihood of getting sued for making those illegal calls. *Id*. at ¶ 58. And it is undisputed that XenCall's platform was used from Florida to make an unsolicited, prerecorded voice call to Plaintiff's cellular telephone number in violation of the TCPA. *Id*. at ¶¶ 11, 37. As a result, Plaintiff asserts a single claim under the TCPA's prerecorded voice call provision against Defendant XenCall.

> II. **A Stay of Discovery Pending A Motion to Dismiss Ruling Is Not Warranted Because Xencall's Motion to Dismiss Is Unlikely to be Granted and Plaintiff will be Prejudiced by a Stay**.

A defendant seeking a stay pending ruling on a motion to dismiss "has the burden of showing good cause and reasonableness." *Holsapple v. Strong Indus.*, Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); *see Clinton v. Jones*, 520 U.S. 681, 708 (1997) (a defendant must demonstrate an actual "need" for a stay).[1] In deciding whether to grant a stay, the district court "must balance the harm produced by a delay in discovery" and take a "preliminary peek" at the defendant's motion "to see if on its face there appears to be an ***immediate and clear possibility*** that it will be granted." *S. HVAC Corp. v. Konforte*, No. 6:18-cv-1589-Orl-37TBS, 2018 U.S. Dist. LEXIS 198274, at *1-3 (M.D. Fla. Nov. 21, 2018) (emphasis supplied). When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014). If "after reviewing the motion to dismiss and Plaintiff's response, the Court is not persuaded that 'there appears to be an immediate and clear possibility that' Defendant's motion will be granted," it should deny the motion to stay discovery. *Adacel, Inc. v. Adsync*

---

[1] Internal citation and annotations omitted throughout.

3

*Techs., Inc.*, No. 6:18-cv-1176-Orl-18TBS, 2018 U.S. Dist. LEXIS 199435, at *4-5 (M.D. Fla. Nov. 26, 2018).

Here, a review of Xencall's motion to dismiss and Plaintiff's response make it immediately clear that Xencall's motion is not likely to be granted and does not meet the stringent "clearly meritorious" standard.

First, the Court has subject matter jurisdiction over this action even after the Supreme Court's holding in *Barr v. American Association of Political Consultants, Inc.* that "the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction." 140 S. Ct. 2335, 2348 (2020)  Defendant misconstrues the effect of Supreme Court's severance of the exception to argue that the entire robocall restriction was unenforceable for the time the government-debt exception was in effect.  Seven Justices concurred in the severability discussion, which made clear that while "no one should be penalized or held liable for making robocalls to collect government debt" between 2015 and 2020, "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *Id.* at 2355 n.12. This mandate is consistent with well-established severability law and has been followed by the majority of courts.

Second, consistent with clear Eleventh Circuit precedent, Plaintiff sufficiently pleads an Article III injury by alleging that Defendant was involved in the transmission of an unlawful prerecorded phone call to him.

Third, the Court has personal jurisdiction over Defendant because, as Defendant concedes, Plaintiff's claim arises from the business XenCall conducts in Florida – *i.e.*,

supplying a calling platform to make prerecorded calls. In fact, Defendant concedes that the call to Plaintiff was made *from Florida* using the XenCall calling platform.

Fourth, Plaintiff sufficiently pleads an injury that is traceable to Defendant and a viable basis for Defendant's liability by alleging that Defendant provided the calling platform used to make prerecorded calls to Plaintiff by Bay Area Health and Federal Insurance Company, and willfully enabled the use of that platform for unlawful purposes, including to call Plaintiff.

Moreover, regardless of the likelihood of Xencall prevailing on its motion to dismiss, Plaintiff will be prejudiced by a stay. First, any stay related delay amplifies the risk that non-parties to this action may destroy or otherwise lose relevant evidence. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial). Specifically, although TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years. Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time. Accordingly, needless delay of discovery may thwart Plaintiff' ability to discover class information maintained by third parties, which may not have a duty to preserve the information pending litigation, and will prejudice Plaintiff. In contrast, the only *risk* to Xencall if a stay is not granted is having to respond to discovery, which is not prejudicial. In fact, recognizing this risk, courts in the Eleventh Circuit regularly refuse to stay discovery pending ruling on a motion to dismiss in TCPA cases. *See, e.g., Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019

U.S. Dist. LEXIS 223945, at *8 (M.D. Fla. Aug. 22, 2019) ("Considering that possible outcome, that a stay could delay the determination of the action by months or longer, and that a stay could result in the destruction of relevant evidence by third parties, a stay is unwarranted."); *Foote v. Car Protection USA et al*, No. 1:19-cv-04381-LMM, ECF No. 15 (N.D. Ga. Jan. 6, 2020); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019).

Under these circumstances, where Plaintiff has asserted a viable claim and faces potential prejudice from a stay, the balance tips heavily in favor of denying Xencall's request for a stay. This conclusion is underscored by the cases Xencall relies on in its motion.

For example, in *Chudasama,* the Plaintiff brought a claim under a novel and "dubious" legal theory. *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.12 & 1369 n.39 (11th Cir. 1997). This novel and dubious claim "substantially widened the scope of discovery." *Id.* at 1360. In evaluating the district court's refusal to rule on the motion to dismiss or grant a stay, the Eleventh held only that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368. Here, Plaintiff's claim is not novel or dubious, and Federal Insurance challenges only the sufficiency of Plaintiff's factual allegations, and not the validity of Plaintiff's legal theory. *See In re Winn Dixie Stores, Inc.*, 2007 U.S. Dist. LEXIS 47014, at *4-7 (M.D. Fla. June 28, 2007) ("By focusing on the obviousness of the failure of the questioned claims ...*,* the Eleventh Circuit made clear that discovery should be stayed pending the outcome of a motion to dismiss where a court is confident that the motion will ultimately be successful.").

The Court should therefore deny Xencall's motion to stay pending a ruling on its motion to dismiss.

### III.     Conclusion

A stay pending a ruling on Xencall's motion to dismiss is not warranted and likely to prejudice Plaintiff.  The Court should therefore deny Xencall's motion in all respects.

                                            Respectfully submitted,

Dated: December 9, 2020                */s/ Avi R. Kaufman*
                                            Avi R. Kaufman (Trial Counsel)
                                            Florida State Bar # 84382
                                            Kaufman P.A.
                                            400 NW 26th Street
                                            Miami, FL 33127
                                            Telephone: (305) 469-5881
                                            Email: kaufman@kaufmanpa.com

                                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, hereby certify that on December 9, 2020, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Avi R. Kaufman*
Avi R. Kaufman