UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEWART ABRAMSON,

    Plaintiff,

v.                                          Case No. 8:19-cv-2523-T-60AAS

FEDERAL INSURANCE COMPANY,
BAY AREA HEALTH, LLC, and
0995316 B.C. LTD., d/b/a
XENCALL,

    Defendant.
_____/

**AMENDED[1] ORDER DENYING MOTION TO DISMISS**

This matter is before the Court on "Defendant Federal Insurance Company's Supplemental Motion to Dismiss Plaintiff's Amended Class Action Complaint Based on Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law," filed November 10, 2020. (Doc. 82). Plaintiff filed his response in opposition on December 8, 2020. (Doc. 90).[2] After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background[3]**

On August 1, 2019, Plaintiff received a telephone call from Defendant Bay Area Health ("Bay Area"). When Plaintiff answered the phone, a pre-recorded message played

---

[1] The Order is amended to clarify and reflect that the motion to dismiss (Doc. 82) was filed by Defendant Federal Insurance, not Defendant 0995316 B.C. LTD. d/b/a XenCall.

[2] On June 15, 2020, the Court stayed this case after Defendant Bay Area Health LLC filed a notice of suggestion of bankruptcy. The case was partially reopened on September 30, 2020.

[3] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

that advertised health insurance. After Plaintiff clicked through the prompts, he was connected with Bay Area employee Brian Park, who indicated that Bay Area was selling insurance policies provided by Federal Insurance Company ("Federal Insurance"). Plaintiff was neither a customer of Bay Area nor Federal Insurance and had not consented to receive telemarketing calls prior to receiving the call.

On October 10, 2019, Plaintiff filed a class-action lawsuit against Federal Insurance and Bay Area alleging they violated § 227(b) of the Telephone Consumer Protection Act ("TCPA") by initiating illegal telemarketing calls to Plaintiff and other non-consenting individuals. On April 22, 2020, Plaintiff filed an amended complaint adding XenCall as a Defendant, alleging XenCall also violated the TCPA by providing Bay Area the technology to make these calls. (Doc. 47). Federal Insurance now moves to dismiss the amended complaint.

## Legal Standard

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

## Analysis

In its motion, Federal Insurance argues the Court lacks subject matter jurisdiction over the matter. Federal Insurance's argument rests solely on its interpretation of a recent Supreme Court case decided in July 2020: *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2347 (2020) ("*AAPC*"). In *AAPC*, the Supreme Court held that § 227(b) of the TCPA, which permitted robocalls "solely to collect a debt owed to or guaranteed by the United States," while leaving robocalls involving other types of content subject to the TCPA's prohibitions, resulted in an unconstitutional content-based restriction on free speech. *Id.*; *see* also 47 U.S.C. § 227(b)(1)(iii). The Supreme Court also held, however, that the invalid section could be severed from the statute. *Barr*, 140 S. Ct. at 2356. Federal Insurance contends that this holding precludes Plaintiff from bringing claims under the remainder of § 227(b).

The Court finds this argument unpersuasive. Although Federal Insurance cites two cases supporting its arguments, the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*. *See, e.g.*, *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020). The Court finds these decisions persuasive and adopts their reasoning and analysis. Federal Insurance's motion to dismiss for lack of subject matter jurisdiction is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Federal Insurance Company's Supplemental Motion to Dismiss Plaintiff's Amended Class Action Complaint Based on Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law" (Doc. 82) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**