UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (TAMPA)

CASE NO.:  8:19-cv-02523-TPB-AAS

STEWART ABRAMSON, individually and on behalf of all other similarly situated,

     CLASS ACTION

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY et al.,

    Defendants.
_____/

**DEFENDANT 0995316 B.C. LTD. D/B/A XENCALL'S MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rule 3.01(c), Defendant, 0995316 B.C. LTD. d/b/a XenCall ("Xencall"), moves this Court for leave to file a reply in further support of its Motion to Dismiss (ECF 78, "MTD"), and states as follows:

1.    Local Rule 3.01(a) permits a party moving or applying for an order to file "a single document" in support thereof, and Local Rule 3.01(c) provides that "[n]o party shall file any . . . further memorandum directed to the motion . . . allowed in (a) . . . unless the Court grants leave.".

2.    On October 28, 2020, USHA filed its MTD seeking to dismiss Plaintiff Stewart Abramson's ("Plaintiff") First Amended Complaint (ECF 47, "FAC") under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). XenCall's MTD was twenty pages, within the limits of Local Rule 3.01(a) (which allows 25 pages for a motion).

3.    Rather than file a one-document response totaling no more than 20 pages as required by Local Rule 3.01(b), or seek leave to file a response in excess of 20 pages as required by Local Rule 3.01(c) and (d), Plaintiff combined two briefs for a total of 35 pages—15 pages

over the allowed limit—in response to the MTD. *See* ECF 91 (13 pages), incorporating by reference ECF 90 (22 pages). The incorporated brief alone exceeds Plaintiff's page limit.

4. This issues raised in the MTD under Fed. R. Civ. P 12(b)(1) are a matter of first impression in the Eleventh Circuit, and Xencall believes it would benefit the Court to allow Xencall a brief Reply to address arguments raised by Plaintiff that were not otherwise addressed in the initial Motion. For example, Plaintiff argues the Supreme Court never declared § 227(b)(1)(A)(iii) unconstitutional, it only declared the government debt exception—within § 227(b)(1)(A)(iii)—unconstitutional. A sister court in this District recently found the exact opposite and granted a motion to dismiss like XenCall's. *See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc. et al.,* No. 5:20-cv-00038-JSM-PRL, ECF No. 74 (M.D. Fla. December 11, 2020) (attached as Exhibit A).

5. Much of the case law cited by Plaintiff through his two response briefs is distinguishable and mischaracterized. For example, Plaintiff incorrectly points to *Eberle v. People of State of Michigan*, 232 U.S. 700 (1914), but there the Supreme Court did not have the Michigan Supreme Court's rulings regarding constitutionality and severability before it.

6. A Reply is also necessary to allow Xencall to respond to argument raised by Plaintiff for the first time and Plaintiff's false personal jurisdiction arguments on purported "undisputed" allegations that were clearly disputed by the Declaration of Jay Jantz, submitted with the MTD.

7. For example, Plaintiff argues that XenCall is subject to personal jurisdiction because it does not dispute that it markets its products into Florida—an allegation that was clearly disputed by Jay Jantz. MTD, Ex. A ¶ 6.

8. Plaintiff also conflates the FFC'a guidance that a common carrier *could* be liable

for TCPA violations in extremely limited situations to mean that common carriers are subject to personal jurisdiction in every fourm their products are used in. ECF 81 at 8. But liability and personal jurisdiction require two separate analyses.

9. The response to the MTDS also ignores most of the actual *facts* established by the Declaration of Jay Jantz, instead resting on conclusory allegations disproven by the Declaration.

10. Further, by failing to respond to the MTD's section on vicarious liability and agency, Plaintiff tacitly admits that he has not plausibly alleged any theory of vicious liability. Instead, for the first time, Plaintiff creates a new theory of liability under the TCPA— "prospective liability"—and claims that XenCall "initiated" the telephone call(s) at issue. XenCall should be allowed to answer these new claims raised for the first time in response to the MTD.  D*ayhoff v. Wells Fargo Home Mortg., Inc.*, No. 6:13-CV-1132-ORL-37K, 2013 WL 6283583, at *4, n.7 (M.D. Fla. Dec. 4, 2013)

11. For these reasons, XenCall believes that a reply would assist the Court in its review and determination of the Motion to Dismiss and the issues that remain outstanding, especially if a hearing will not be set on the Motion to Dismiss where both parties would be able to fully respond to and address the Court's inquiries.

12. XenCall requests that the Court enter an order granting XenCcall leave to file a reply brief of no more than 7 pages regarding its Motion to Dismiss, and granting any further relief the Court deems appropriate. XenCall requests 14 days to file a reply after entry of the Court's Order granting leave to file the reply.

## CERTIFICATE OF GOOD FAITH
## CONFERRAL PURSUANT TO LOCAL RULE 3.01(g)

On December 11, 2020, counsel for Defendant conferred with counsel for Plaintiff, Avi Kaufman, regarding the requested relief. Counsel for Plaintiff stated that Plaintiff opposes the requested relief.

DATED: December 13, 2020                    Respectfully submitted,

                                                        By:    */s/ Jeffrey A. Backman*
                                                               JEFFREY A. BACKMAN
                                                               Florida Bar No. 662501
                                                               Gregg I. Strock
                                                               Florida Bar No. 1010140
                                                               **GREENSPOON MARDER LLP**
                                                               200 E. Broward Blvd., Suite 1800
                                                               Ft. Lauderdale, FL  33301
                                                               (954) 491-1120
                                                               jeffrey.backman@gmlaw.com
                                                               khia.joseph@gmlaw.com
                                                               gregg.strock@gmlaw.com
                                                               lisa.webster@gmlaw.com

                                                               ***Counsel for XenCall***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 13, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                                          By:    */s/ Jeffrey A. Backman*
                                                               JEFFREY A. BACKMAN