gUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEWART ABRAMSON, individually
and on behalf of all others similarly
situated,**

    Plaintiffs,

v.                                      Case No.: 8:19-cv-2523-T-60AAS

**FEDERAL INSURANCE COMPANY,**
et al.

    **Defendants.**
_____/

## ORDER

    Defendant, 0995316 B.C. LTD. d/b/a XenCall (XenCall) moves for a stay of discovery pending the court's ruling on its motion to dismiss (doc. 78). (Doc. 79). Stewart Abraham opposes the motion. (Doc. 92).

**I.    BACKGROUND**

    Mr. Abramson claims that XenCall provides internet based prerecorded call campaign services to consumers and executes calls for those campaigns. (Doc. 47). According to the amended complaint, XenCall makes these calls without obtaining the call recipient's consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (*Id.*).

    On October 28, 2020, XenCall moved to dismiss Mr. Abraham's amended complaint. (Doc. 78). XenCall argues that its motion to dismiss will eliminate the claims against XenCall because the TCPA provision that Mr. Abraham is suing

1

under—47 U.S.C. § 227(b)(1)(A)(iii)—was declared unconstitutional by the United States Supreme Court, which severed part of the provision to permit the enforcement of the statute prospectively. (Doc. 78); *see Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335 (2020). XenCall also claims the court lacks personal jurisdiction because it is a Canadian entity with no contacts in this forum. (Doc. 78).

Mr. Abramson responds to Xencall's motion to dismiss and argues that Xencall misconstrues the effect of Supreme Court's severance of the exception. (Doc. 91). In addition, Mr. Abramson argues the court has personal jurisdiction over Xencall because Mr. Abramson's claim arises from the business XenCall conducts in Florida. (*Id.*).

## II.   ANALYSIS

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. *Such motions for stay are rarely granted.* However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at § I.E.4 (emphasis added). In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

A preliminary review of XenCall's motion to dismiss and Mr. Abramson's response reveals that the motion to dismiss does not meet the stringent "clearly meritorious" standard. Xencall now seeks to file a reply to Mr. Abramson's response in opposition to Xencall's motion to dismiss, which is pending. (Doc. 96). The discovery deadline is February 8, 2021 (doc. 34), and Mr. Abraham will be prejudiced by a stay. *See Breines v. Pro Custom Solar LLC*, No. 3:19-CV-353-J-39PDB, 2019 WL 7423522, at *8 (M.D. Fla. Aug. 22, 2019) (denying a discovery stay in a TCPA action because the stay could "result in the destruction of relevant evidence by third parties").

After balancing the harm created by a discovery delay against the possibility that XenCall's motion will be granted, the court concludes that the balance tips in favor of requiring discovery to go forward.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Stay Discovery (Doc. 79) is **DENIED**.

**ORDERED** in Tampa, Florida on December 31, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge