UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEWART ABRAMSON,

    Plaintiff,

v.                                             Case No. 8:19-cv-2523-T-60AAS

FEDERAL INSURANCE COMPANY,
BAY AREA HEALTH, LLC, and
0995316 B.C. LTD. d/b/a
XENCALL,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT 0995316 B.C. LTD. D/B/A XENCALL'S MOTION TO DISMISS

This matter is before the Court on "Defendant 0995316 B.C. LTD. d/b/a XenCall's Motion to Dismiss Plaintiff's First Amended Complaint," filed October 28, 2020. (Doc. 78). Plaintiff filed his response in opposition on December 9, 2020. (Doc. 91). XenCall filed a notice of supplemental authority on December 21, 2020. (Doc. 97). After reviewing the motion, response, court file, notice of supplemental authority, and record, the Court finds as follows:

### Background[1]

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

On August 1, 2019, Plaintiff received a telephone call from Defendant Bay Area Health ("Bay Area"). When Plaintiff answered the phone, a pre-recorded message played advertising health insurance. After Plaintiff clicked through the prompts, he was connected with Brian Park, who provided information indicating that Bay Area was selling insurance policies provided by Federal Insurance Company ("Federal Insurance"). Plaintiff was neither a customer of Bay Area nor Federal Insurance and had not consented to receive telemarketing calls prior to receiving the call.

On October 10, 2019, Plaintiff filed a class-action lawsuit against Federal Insurance and Bay Area alleging they violated § 227(b) of the Telephone Consumer Protection Act ("TCPA") by initiating illegal telemarketing calls to Plaintiff and other non-consenting individuals. On April 22, 2020, Plaintiff filed an amended complaint reiterating these claims and adding XenCall as a Defendant, alleging XenCall also violated the TCPA by providing Bay Area the technology to make these calls. (Doc. 47). XenCall now moves to dismiss the amended complaint.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

A defendant may file a motion to dismiss for lack of personal jurisdiction in its first Rule 12 response. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff must establish a *prima facie* case for personal jurisdiction over the defendant. *Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd.*, No. 8:18-cv-00510-T-02AAS, 2019 WL 78840, at *2 (M.D. Fla. Jan. 2, 2019). Once a defendant challenges personal jurisdiction via affidavit, the plaintiff must rebut the evidence. *See Volt, LLC v. Volt Lightning Group, LLC*, 369 F. Supp. 3d 1241, 1246 (M.D. Fla. 2019); *see also Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Doubts as to whether a *prima facie* case for personal jurisdiction has been made are construed in favor of the defendant and unrefuted allegations in the defendant's affidavit are presumed to be true. *3Lions Publishing, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1036 (M.D. Fla. 2019); *Performance Indus.*, 2019 WL 78840, at *2.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In its motion, XenCall argues this case should be dismissed for several reasons: (1) lack of subject matter jurisdiction, (2) lack of standing, (3) lack of personal jurisdiction, and (4) failure to state a claim.

### *Subject Matter Jurisdiction*

XenCall first argues that the Court lacks subject matter jurisdiction over this matter, citing to *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2347 (2020) ("*AAPC*"). The Court has already considered this argument and concluded that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*. *See* (Doc. 95). The Court adopts and incorporates its prior analysis. The motion to dismiss is due to be denied as to this ground.

### *Standing*

XenCall also contends the Court lacks subject matter jurisdiction because the constitutional standing requirements of Article III are not satisfied. To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, XenCall contends that Plaintiff lacks standing because he has not suffered an injury and, even if he had been injured, XenCall did not cause his injuries.

Plaintiff has presented sufficient facts to confer Article III standing. Plaintiff alleges that he received an unsolicited phone call with a pre-recorded message. He further alleges that he and other call recipients were harmed by these calls because they were temporarily deprived of legitimate use of their phones and their privacy was improperly

invaded. "[R]eceipt of a single unsolicited phone call… and a voicemail recording constitute[s] an injury in fact" for the purposes of standing. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019) (internal quotation omitted). Furthermore, these injuries are fairly traceable to XenCall's alleged conduct. *See id*. at 1272 ("[E]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement."). XenCall's motion to dismiss is accordingly denied as to this ground.

*Personal Jurisdiction*

XenCall next argues that the claims against it should be dismissed because the Court lacks specific personal jurisdiction. When analyzing personal jurisdiction, courts normally undertake a two-step analysis. First, courts must determine whether personal jurisdiction over the defendant exists under Florida's long-arm statute. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). If the long-arm statute is satisfied, courts must determine whether exercising personal jurisdiction comports with constitutional due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

When alleging personal jurisdiction, "'[t]he plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant.'" *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). If the plaintiff presents a prima facie case, "the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute." *Future Tech. Today, Inc., v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (internal quotation omitted). "If the defendant sustains this burden, the plaintiff is required to

substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.*

The parties debate two potential grounds for personal jurisdiction under the long-arm statute: (1) engaging in business within Florida, and (2) committing a tortious act in Florida. The Court considers each in turn.

Engaging in Business

The long-arm statute confers jurisdiction over parties who are "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida]." § 48.193(1)(a)(1), *F.S.* "In order to establish that a defendant is 'carrying on business' for the purposes of [Florida's] long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). The Eleventh Circuit has enumerated the following factors for courts to consider in analyzing whether a non-resident defendant is engaged in "a general course of business activity": (1) "the presence and operation of an office in Florida"; (2) "the possession and maintenance of a license to do business in Florida"; (3) "the number of Florida clients served"; and (4) "the percentage of overall revenue gleaned from Florida clients." *Id.*

In his amended complaint, Plaintiff alleges the Court has personal jurisdiction over XenCall because it "assists its customers, including Bay Area in this district, make automated telemarketing calls." (Doc. 41 at ¶ 11). XenCall rebuts this allegation – and attests via affidavit – that it never entered into a contract, licensed telemarketing

software, or entered into any business agreement with Bay Area. *See* (Doc. 78-1). This same affidavit also states that XenCall does not have an office in Florida, nor does it have a license to conduct business in Florida. All this information submitted in XenCall's affidavit has been unanswered by Plaintiff. As "Florida's long-arm statute is to be strictly construed" and Plaintiff bears the burden of proving personal jurisdiction, the Court finds Plaintiff has failed to meet this burden here. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983).

<u>Committing a Tortious Act</u>

Under the long-arm statute, a nonresident defendant submits itself to personal jurisdiction in Florida by "committing a tortious act within this state." § 48.193(1)(a)(2), *F.S.* "TCPA violations are tortious acts" for the purposes of the long-arm statute. *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016). Plaintiff alleges XenCall – a Canadian corporation – violated the TCPA by aiding Bay Area's telemarketing operations while knowing the operation was illegal. Plaintiff argues that XenCall consequently committed a tort within Florida and is subject to the Court's jurisdiction.

The Court is unaware of any binding or persuasive case law that addresses whether illegal telemarketing calls made in Florida to an out-of-state resident constitute a "tortious act *within this state*" under the long-arm statute. § 48.193(1)(a)(2), *F.S.* (emphasis added). Nevertheless, the Court need not reach a decision on this issue because, even if the requirements of the long-arm statute are satisfied, constitutional due process is not.

<u>Constitutional Due Process</u>

Even though Florida's long-arm statute may permit a state to assert jurisdiction over an out-of-state defendant, the due process clause of the United States Constitution prevents courts from doing so unless exercising jurisdiction comports with due process. This requires a two-part inquiry to ascertain whether: (1) XenCall has sufficient "minimum contacts" with the state of Florida; and (2) whether extending jurisdiction over XenCall would offend traditional notions of "fair play and substantial justice." *Int'l Shoe* 326 U.S. at 316, 320. To analyze this second prong, the Court must consider several factors, including "the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Here, even assuming XenCall had the requisite minimum contacts with Florida, these factors weigh against asserting jurisdiction over XenCall. Plaintiff (a resident of Pennsylvania) alleges XenCall (a Canadian corporation) violated the TCPA by providing Bay Area the software used to make illegal telemarketing calls. This forum has little interest in haling a Canadian corporation into court in Florida for allegedly providing software used to commit a tort against a resident of Pennsylvania. Furthermore, the record indicates the Plaintiff can seek appropriate relief from the remaining Defendants without subjecting XenCall to the burdens of transnational litigation. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in

assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders"). As the burden is on Plaintiff to show exercising personal jurisdiction is proper, the Court finds he has failed to meet this burden here. *See Robinson* 74 F.3d at 255.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant 0995316 B.C. LTD. d/b/a XENCALL's Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. 78) is hereby **GRANTED**.

(2) Plaintiff's claims against XenCall are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**