**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA (TAMPA)**

**CASE NO.: 8:19-cv-02523-TPB-AAS**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of all other similarly situated, | **CLASS ACTION** |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY et al., | |
| Defendants. | |

**0995316 B.C. LTD. D/B/A XENCALL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, 0995316 B.C. LTD. d/b/a XenCall ("Xencall"), by and through undersigned counsel, serves its Responses to Plaintiff's First Set of Interrogatories propounded by Plaintiff Stewart Abramson.

**OBJECTIONS AND RESPONSES**

1. Identify each and every person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:** Jason Jantz.

2. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by Bay Area to place telemarketing calls.

**ANSWER:** XenCall dos not have information responsive to this Interrogatory.

3. In response to which (if any) requests for production in this case have you produced no responsive documents?

> **ANSWER:** XenCall refers Plaintiff to XenCall's written responses to Plaintiff's First Requests for Production, which identify whether responsive documents are being produced for each Request for Production.

4. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend you obtained such consent.

> **ANSWER:** XenCall does not have information responsive to this Interrogatory.

5. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized telemarketing to occur on your platform or system. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

> **ANSWER:** XenCall objects to this Interrogatory because it is not relevant to any party's claim or defense and is disproportionate to the needs of the case. These Interrogatories define "telemarketing" to mean, in relevant part, "a call, SMS, MMS, fax or other telecommunication that could have generated or was intended to generate leads, customers or sales for you within the United States." These Interrogatories further define "you" to mean "the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives," *i.e.*, XenCall. However, the allegations in the First Amended Complaint ("FAC") have nothing to do with "telemarketing" as defined by Plaintiff. The FAC alleges a telephone call made by another company, identified by Plainitff as Bay Area Health, LLC ("Bay Area"), intended to generate a sale for Bay Area. Therefore, this Interrogatory seeking information related to telecommunications that "could have generated or was intended to generate leads, customers or sales for" XenCall—*not* Bay Area—is wholly irrelevant to Plaintiff's claims that relate only to telecommunications that "could have generated or was intended to generate leads, customers or sales for" ***Bay Area***.[1] Any effort XenCall would need to undertake to answer this irrelevant Interrogatory would be disproportionate to the needs of this case because the discovery serves of no importance in resolving the issues in this case, and thus no benefit to any party, so the burden and expense of the proposed discovery outweighs its likely benefit—that is, no benefit at all.

---

[1] XenCall has not served a responsive pleading as of the date of these responses, but there is no reason to believe that this interrogatory would be relevant to any anticipated defenses.

Additionally, XenCall recently filed a Motion to Dismiss based in part on the fact that Plaintiff's claim is based on an unconstitutional statute—therefore he has no claim at all—and because XenCall is not subject to personal jurisdiction in Florida. Because of these threshold jurisdictional and dispositive issues pending before the Court, any effort XenCall would need to undertake to answer this Interrogatory would be disproportionate to the needs of this case unless and until the Motion to Dismiss is adjudicated, subject to the other objections asserted in this response. XenCall filed a Motion to Stay discovery pending resolution of its Motion to Dismiss. *See* ECF 79.

6. State all facts in support of any affirmative defenses you have raised.

**ANSWER:** XenCall has not served a responsive pleading with affirmative defenses as of the date of these responses. Nonetheless, XenCall objects to this request on the basis that it is (1) overly broad; (2) duplicative of other discovery requests; and (3) unduly burdensome because it requires XenCall to create and provide the equivalent of a lengthy narrative or otherwise detailed account of its entire case. An interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defense or affirmative defenses pled in this lawsuit" is an improper, so-called "'blockbuster' interrogatory." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2013 WL 6814789, at *10 (N.D. Tex. Dec. 26, 2013) (citing *Grynberg v. Total S.A., Inc.*, No. 3–cv–1280, 2006 WL 1186836, at *5–*7 (D. Colo. May 3, 2006). "[A] party cannot ordinarily be forced to prepare its opponent's case." *Id.* (quoting 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2174 (3d ed.2013). *See also Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Feb. 1, 2016) (agreeing with *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 188 (D. Kan. 1997)(finding interrogatory overly broad and unduly burdensome where it sought "each and every fact supporting all of the allegations in Counts I through IV of [the] Complaint")). XenCall also objects because this Interrogatory calls for the mental impressions of XenCall's counsel as to how XenCall will defend against Plaintiff's claims, and such mental impressions are protected work product.

Additionally, XenCall recently filed a Motion to Dismiss based in part on the fact that Plaintiff's claim is based on an unconstitutional statute—therefore he has no claim at all—and because XenCall is not subject to personal jurisdiction in Florida. Because of these threshold jurisdictional and dispositive issues pending before the Court, any effort XenCall would need to undertake to answer this Interrogatory would be disproportionate to the needs of this case unless and until the Motion to Dismiss is adjudicated, subject to the other objections asserted in this response. XenCall filed a Motion to Stay discovery pending resolution of its Motion to Dismiss. *See* ECF 79.

DATED: October 30, 2020         Respectfully submitted,

                                By:   */s/ Jeffrey A. Backman*
                                      Jeffrey A. Backman
                                      Florida Bar No. 662501
                                      GREENSPOON MARDER LLP

200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com

*Attorney for Xencall*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2020, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Jeffrey A. Backman*
Jeffrey A. Backman