UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:19-cv-02523-TPB-AAS

STEWART ABRAMSON, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
0995316 B.C. LTD d/b/a XENCALL,
and BAY AREA HEALTH, LLC,

    Defendants.

_____/

**CLASS ACTION**

## AGREED PROTECTIVE ORDER

This Agreed Protective Order (the "Order") shall govern discovery in this lawsuit. All parties to this lawsuit shall adhere to the Order's terms and conditions.

## DEFINITIONS

1. The term "Materials" shall mean all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in response to discovery in this matter (including initial disclosures). The term "Materials" includes answers to interrogatories and other responses to discovery requests.

2. The term "CONFIDENTIAL" information shall mean Materials that qualify for protection under Federal Rule of Civil Procedure 26(c). This includes, but is not limited to, trade secrets or other confidential research, development,

1

commercial, or proprietary information.

3.  The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall mean a party's Materials, including trade secret Materials, that are the subject of the party's reasonable efforts to maintain their secrecy, disclosure of which to another party or non-party would create a significant risk of material harm that could not be confidently avoided by less restrictive means.

4.  The term "Confidential Information," as used herein, shall mean all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials.

5.  The term "Counsel" shall mean (a) outside counsel of record and (b) other attorneys, paralegals, secretaries, and other support staff employed in the law firms representing or advising the parties, but "Counsel" shall not include in-house counsel of a party.

## GENERAL RULES

6.  Designation as "CONFIDENTIAL": Any party (or third party) may designate Materials it produces or discloses (including answers to interrogatories, responses to requests for admission, or other discovery responses) as "CONFIDENTIAL" if and only if, in the reasonable good faith belief of such party's counsel (or, in the case of a third party not represented by counsel, the third party), the Materials satisfy the definition of "CONFIDENTIAL" set forth in Paragraph 2.

7.  Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may designate Materials it produces or discloses (including

*Protective Order*
*Case No. 0:19-cv-02523*

answers to interrogatories, responses to requests for admission, or other discovery responses) as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if and only if, in the reasonable good faith belief of such party's counsel (or, in the case of a third party not represented by counsel, the third party), the Materials satisfy the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" set forth in Paragraph 3.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a) said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have fourteen (14) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and

(b) the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the court reporter, and the person(s) covered by Paragraphs 9 or 10 below.

9. All Confidential Information designated as "CONFIDENTIAL" produced or disclosed pursuant to this Order may be disclosed or made available

*Protective Order*
*Case No. 0:19-cv-02523*

only to the Court, to Counsel, and to the "qualified persons" designated as follows:

(a) a party, or an officer, director, or employee of a party deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts retained by Counsel to assist in the prosecution, defense, or settlement of this action, and their staff;

(c) paralegals, stenographic and clerical employees, and translators associated with persons covered by subparagraph (a), but only as part of a disclosure to said persons in accordance with this Order;

(d) third-party vendors, such as e-discovery providers, copy services, transcription services, or translators, retained by Counsel to aid in the prosecution, defense, or settlement of this action;

(e) Judges, law clerks, court reporters, other clerical personnel of the Court before which this action is pending, and any mediator selected by the parties;

(f) deponents not otherwise covered by the above, but only during the course of his or her deposition; and

(g) any other person as to whom the parties in writing agree.

10. All Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced or disclosed pursuant to this Order may be disclosed or made available only to the Court, to Counsel, and to the "qualified persons" designated as follows:

*Protective Order*
*Case No. 0:19-cv-02523*

(a) an individual who is a party, or a single corporate representative for an entity that is a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts retained by Counsel to assist in the prosecution, defense, or settlement of this action, and their staff;

(c) third-party vendors, such as e-discovery providers, copy services, transcription services, or translators, retained by Counsel to aid in the prosecution, defense, or settlement of this action;

(d) Judges, law clerks, court reporters, other clerical personnel of the Court before which this action is pending, and any mediator selected by the parties;

(e) deponents not otherwise covered by the above, but only during the course of his or her deposition; and

(f) paralegals at the law firms representing the Parties.

(g) any other person as to whom the parties in writing agree.

11. Prior to receiving any Confidential Information, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each "qualified person" defined in Paragraphs 9(b), 9(d), 9(g), 10(b), 10(c), 10(e) and 10(f) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Exhibit A. A "qualified person" executing a Nondisclosure Agreement shall do so in his or her personal capacity except that a "qualified person" under Paragraphs 9(d) and/or 10(c) may do so only in his or

5

her capacity as the representative of an entity. A party can apply to the Court to obtain copies of the executed Nondisclosure Agreements obtained by another party upon a showing of good cause.

12. Nothing in this Order prohibits or is intended to prohibit a disclosing party from seeking a protective order to prevent the disclosure of specific information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "qualified persons" under Paragraph 10(a).

13. Confidential Information shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by written agreement of the parties or by an order of the Court.

14. With respect to Confidential Information, any person indicated on the face of the Materials to be their originator, author, or a recipient of a copy thereof, may be shown the same, notwithstanding Paragraphs 9 and 10 above and without signing a Nondisclosure Agreement in the form of Exhibit A.

15. If any Materials to be filed with the Court contain Confidential Information, the proposed filing shall be accompanied by a "Motion to Seal Pursuant to Order" to file the Materials or the portion thereof containing Confidential Information (if such portion is segregable) under seal, assuming the filing can be sealed under applicable law. The Motion shall comply with Local Rule 1.11 [~~5.4~~]. Nothing in this Paragraph shall require the Court to seal Materials that are not

*AAS*

subject to being sealed under applicable law. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

16. Within thirty (30) calendar days of a party receiving Materials in discovery (or such later time as reasonably needed and requested by the receiving party), the party may object to a designation of the Materials as Confidential Information. Within fourteen (14) calendar days after receiving such an objection (or such later time as reasonably needed and requested by the producing party), a producing party shall provide the basis for a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the designation is not explained to the satisfaction of the objecting party, or if there is no response within the required time period, the designating party may move the Court to maintain the designation. For purposes of any such motion, the burden of persuasion regarding the appropriateness of the designation will fall on the designating party. The Materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

17. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a

person authorized by this Order, the party responsible for the unauthorized disclosure must promptly bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated and labeled or otherwise identified as such in accordance with that designation under this Order. The receiving party must treat the Materials as Confidential Information, once the designating party so notifies the receiving party, subject to Paragraph 16 above.

20. If a party inadvertently or unintentionally produces Materials subject to a claim of privilege or work-product protection, the Materials for which a claim of inadvertent or unintentional production is thereafter made shall be returned to the producing party within seven (7) calendar days of the producing party's written request or otherwise destroyed, and the production will not operate as a waiver of the applicable privilege or work-product protection. Moreover, any notes or

summaries referring or relating to any such inadvertently or unintentionally produced Materials shall be destroyed.

21. Nothing herein shall prevent the party returning such Materials under Paragraph 20 from moving the Court for an order compelling production of such Materials.

22. Nothing herein shall prejudice the right of any party to object to the production of any Materials in discovery on the grounds that the Materials are protected as privileged or as attorney work-product.

23. Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the Confidential Information shall not be disclosed except as permitted elsewhere in this Order.

24. This Order shall be without prejudice to the right of any party to oppose production of any Materials for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not required under the Federal Rules of Civil Procedure.

25. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of a court. If, at any time, any person in the possession, custody, or control of any Confidential Information (other than the producing party) receives a subpoena or

*Protective Order*
Case No. 0:19-cv-02523

other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such Confidential Information, the person to whom the subpoena or other compulsory process is directed shall, except where prohibited by law, provide prompt written notice and a copy of the subpoena or other compulsory process to the producing party. The producing party then shall have the burden of defending against or objecting to such subpoena or compulsory process to the extent it seeks Confidential Information.

26. Within sixty (60) days of final termination of this action, including any and all appeals, all Confidential Information (including paper and electronically stored copies and summaries) in the possession, custody, or control of a person other than the producing party shall be either returned to the producing party or destroyed by that person. Within that same sixty-day period, each party shall attest to the producing party that it has returned or destroyed such Confidential Information. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, transcripts, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained Confidential Information. Further, attorney work-product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained Confidential Information.

27. The restrictions and obligations set forth herein shall not apply to any

*Protective Order*
Case No. 0:19-cv-02523

information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Order; or (d) has come or shall come into the receiving party's knowledge independent of its production by the designating party.

28. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with a person if that person already has independent knowledge of such Confidential Information.

29. Transmission by email is acceptable for all notification purposes herein unless otherwise specified.

30. If any party receives a subpoena, order, or other directive that compels a disclosure that would be otherwise prohibited by this Order, the receiving party shall notify the designating party through counsel, by email, promptly after receiving the subpoena, order or directive. Such notification must include a copy of the subpoena, order or directive. The purpose of imposing these duties is to afford the designating party in this case an opportunity to try and protect any confidentiality interest it may have in the appropriate court or body from which the subpoena, order, or directive was issued.

31. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

32.     Third Parties: A third party that produces Materials in this litigation, whether pursuant to a subpoena or voluntarily, may agree in writing, provided to the parties, to be bound by this Order, and thereafter may designate Materials as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order, in which event such designated Materials shall be subject to all of the provisions of this Order and afforded all of the protections set forth in this Order. In the event that a third party produces Materials in this litigation that it does not designate as Confidential Information but a party's Counsel reasonably believes in good faith should be designated as Confidential Information, the party may give written notice to the other parties of the specific Materials that should be deemed Confidential Information, after which the specified Materials shall be treated and labeled (or otherwise identified) as such, subject to Paragraph 16 above.

33.     When a producing party (including a producing third party) wishes to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," then:

(a)     for Materials in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or court proceedings), the producing party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Confidential Information; and

(b)     or Materials produced in some form that does not allow each

*Protective Order*
*Case No. 0:19-cv-02523*

page to have a legend affixed to it, the producing party shall affix in a prominent place on the exterior of the container or containers in which the Materials are stored (which may include a hard drive or computer disk) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the Materials warrant such designation, the producing party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**DONE AND ORDERED** in Chambers, at Tampa, Florida on this ___4th___ day of ___February___, 2021.

_____
THOMAS P. BARBER
United States ~~District Court~~ Magistrate Judge

Copies furnished to:
All counsel of record

*Protective Order*
*Case No. 0:19-cv-02523*

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### CASE NO. 8:19-cv-02523-TPB-AAS

STEWART ABRAMSON, individually
and on behalf of all others similarly situated,

        **CLASS ACTION**

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
0995316 B.C. LTD d/b/a XENCALL,
and BAY AREA HEALTH, LLC,

    Defendants.
_____/

### EXHIBIT A

I _____, declare that:

    1. I am employed as _____ by _____ .

    2. My address is _____.

    3. I have received a copy of the Agreed Protective Order entered in CASE NO. 8:19-cv-02523-TPB-AAS, and I have read the Agreed Protective Order.

    4. I promise that I will use and maintain any and all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, as defined in the Order,

*Protective Order*<br>
Case No. 0:19-cv-02523

provided or disclosed to me only in a manner authorized by the Order, and only to assist Counsel in the prosecution, defense, or settlement of this matter.

    5.    I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with anyone other than the persons permitted pursuant to the Agreed Protective Order. I acknowledge that any unauthorized use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information may cause substantial harm to one or more parties in this litigation.

    6.    I acknowledge that, by signing this document, I am subjecting myself to the jurisdiction of the United States District Court for the Middle District of Florida with respect to enforcement of the Agreed Protective Order and this agreement.

    7.    I am executing this document in my individual capacity unless I am executing this document on behalf of an entity that is a "qualified person" under Paragraphs 9(d) and/or 10(c) of the Agreed Protective Order.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of_____ day of _____, _____.


Signature: _____


Print Name: _____

15